**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of Texas
(State)

Case number *(if known)*: ____________ Chapter 11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/22

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

**1. Debtor's Name** — **VPNet Technologies, Inc.**

**2. All other names debtor used in the last 8 years**

Include any assumed names, trade names, and *doing business as* names

**3. Debtor's federal Employer Identification Number** (EIN) — **77-0411193**

**4. Debtor's address**

**Principal place of business**

**350 Mount Kemble Avenue**
Number Street

**Morristown** **New Jersey** **07960**
City State Zip Code

County

**Mailing address, if different from principal place of business**

Number Street

City State Zip Code

**Location of principal assets, if different from principal place of business**

Number Street

City State Zip Code

**5. Debtor's website** (URL) — **https://www.avaya.com/en/**

**6. Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify:

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**5191 - Other Information Services**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub- box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C.§ 1116(1)(B).

☒ A plan is being filed with this petition.

☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form**.**

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☐ No
☒ Yes.

District **Southern District of New York** When **01/19/2017** MM/DD/YYYY Case number **17-10089 (SMB)**

District ______ When ______ MM/DD/YYYY Case number ______

Debtor **VPNet Technologies, Inc.** Case number (*if known*)
Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes. Debtor **See Rider 1** Relationship **Affiliate**
District **Southern District of Texas** When **02/14/2023** MM / DD / YYYY
Case number, if known

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard?

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?**

Number Street

City State Zip Code

**Is the property insured?**

☐ No
☐ Yes. Insurance agency
Contact name
Phone

## Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

Debtor **VPNet Technologies, Inc.** Case number *(if known)*
Name

| | | | |
|---|---|---|---|
| **14. Estimated number of creditors (on a consolidated basis)** | ☐ 1-49<br>☐ 50-99<br>☐ 100-199<br>☐ 200-999 | ☐ 1,000-5,000<br>☐ 5,001-10,000<br>☐ 10,001-25,000 | ☒ 25,001-50,000<br>☐ 50,001-100,000<br>☐ More than 100,000 |
| **15. Estimated assets (on a consolidated basis)** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☒ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| **16. Estimated liabilities (on a consolidated basis)** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☒ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **02/14/2023**
MM/ DD / YYYY

✘ ***/s/ Eric Koza***
Signature of authorized representative of debtor

**Eric Koza**
Printed name

Title **Chief Restructuring Officer**

**18. Signature of attorney**

✘ ***/s/ Matthew D. Cavenaugh***
Signature of attorney for debtor

Date **02/14/2023**
MM/DD/YYYY

**Matthew D. Cavenaugh**
Printed name

**Jackson Walker LLP**
Firm name

**1401 McKinney Street, Suite 1900**
Number Street

**Houston** **Texas** **77010**
State ZIP Code

**(713) 752-4200**
Contact phone

**mcavenaugh@jw.com**
Email address

**24062656** **Texas**
Bar number State

| **Fill in this information to identify the case**: | |
|---|---|
| United States Bankruptcy Court for the: Southern District of Texas (State) | |
| Case number *(if known)*: ________________ | Chapter 11 |

☐ Check if this is an amended filing

**Rider 1**
**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Avaya Inc.

| | |
|---|---|
| Avaya Inc. | CAAS Technologies, LLC |
| Avaya CALA Inc. | CTIntegrations, LLC |
| Avaya Cloud Inc. | HyperQuality II, LLC |
| Avaya EMEA Ltd. | HyperQuality, Inc. |
| Avaya Federal Solutions, Inc. | Intellisist, Inc. |
| Avaya Holdings Corp. | KnoahSoft, Inc. |
| Avaya Holdings LLC | Sierra Asia Pacific Inc. |
| Avaya Integrated Cabinet Solutions LLC | Sierra Communication International LLC |
| Avaya Management L.P. | Ubiquity Software Corporation |
| Avaya Management Services Inc. | VPNet Technologies, Inc. |
| Avaya World Services Inc. | |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| VPNET TECHNOLOGIES, INC., | ) | Case No. 23-__________(___) |
| Debtor. | ) | |

**LIST OF EQUITY SECURITY HOLDERS**[1]

| Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| Avaya Inc. | 350 Mount Kemble Avenue<br>Morristown, New Jersey 07960 | 100% |

[1] This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| VPNET TECHNOLOGIES, INC., | ) | Case No. 23-___________(___) |
| Debtor. | ) | |

**CORPORATE OWNERSHIP STATEMENT**

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholders | Approximate Percentage of Shares Held |
|---|---|
| Avaya Inc. | 100% |

**Fill in this information to identify the case:**

Debtor name Avaya Inc., *et al.*[1]

United States Bankruptcy Court for the: Southern District of Texas (State)

Case number (If known): ____________

☐ Check if this is an amended filing

Official Form 204

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

**A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | VERINT AMERICAS INC<br>EMILY SANDOVAL<br>800 NORTH POINT PARKWAY<br>SUITE 100<br>ALPHARETTA, GA 30005 | EMILY SANDOVAL<br>PHONE: 770-754-8719<br>EMAIL: EMILY.SANDOVAL@VERINT.COM | TRADE DEBT | | | | $22,936,522.65 |
| 2 | MICROSOFT CORPORATION<br>OLIVER RAYMOND<br>11 TIMES SQUARE<br>NEW YORK, NY 10036 | OLIVER RAYMOND<br>PHONE: 516-220-8783<br>EMAIL: OLIVER.RAYMOND@MICROSOFT.COM | TRADE DEBT | | | | $9,008,885.02 |
| 3 | WISTRON CORPORATION<br>STANLEY CHUNG<br>21F 88 SEC 1 HSIN TAI WU ROAD<br>TAIPEI HSEIN, 221<br>TAIWAN | STANLEY CHUNG<br>PHONE: 886-0-2-6612-2905<br>EMAIL: STANLEY_CH_CHUNG@WISTRON.COM | TRADE DEBT | | | | $8,927,267.53 |
| 4 | SHI INTERNATIONAL CORP<br>RICK MARKS<br>290 DAVIDSON AVENUE<br>SOMERSET, NJ 08873 | RICK MARKS<br>PHONE: 732 868 5964<br>EMAIL: RICK_MARKS@SHI.COM | TRADE DEBT | | | | $7,706,044.90 |
| 5 | SOLABORATE LLC<br>STANLEY M. GIBSON<br>1900 AVENUE OF THE STARS, 7TH FLOOR<br>LOS ANGELES, CA 90067-4308 | STANLEY M. GIBSON<br>PHONE: 310-203-8080<br>EMAIL: SGIBSON@JMBM.COM | TRADE DEBT | | | | $7,250,000.00 |

[1] Includes all Debtor entities except Avaya Holdings Corp.

Debtor Avaya Inc., *et al.*[1]
Name

Case number (*if known*) ____________________

| Name of creditor and complete mailing address, including zip code | | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 6 | TAPFIN PROCESS SOLUTIONS<br>KATIE POWERS<br>100 MANPOWER PLACE<br>MILWAUKEE, WI 53212 | KATIE POWERS<br>PHONE: 804-683-5393<br>EMAIL: KATIE.POWERS@TAPFIN.COM | TRADE DEBT | | | | $6,857,021.92 |
| 7 | AVNET INC<br>KARINA SEIR<br>2021 LAKESIDE BLVD<br>RICHARDSON, TX 75082 | KARINA SEIR<br>PHONE: 305-925-8210<br>EMAIL: AVNET-PMT-REMIT@AVNET.COM | TRADE DEBT | | | | $4,151,633.39 |
| 8 | MERA SOFTWARE SERVICES INC<br>BILL TIMM<br>333 THORNALL STREET 7TH FLOOR<br>EDISON, NJ 08837 | BILL TIMM<br>PHONE: 214-471-0117<br>EMAIL: BILL.TIMM@ORIONINC.COM | TRADE DEBT | | | | $3,786,145.32 |
| 9 | RIMINI STREET INC<br>SEBASTIAN GRADY<br>72751 W LAKE MEAD BLVD, STE 300<br>LAS VEGAS, NV 89128 | SEBASTIAN GRADY<br>PHONE: 510-914-1712<br>EMAIL: SGRADY@RIMINISTREET.COM | TRADE DEBT | | | | $3,647,076.00 |
| 10 | NUANCE COMMUNICATIONS INC<br>STEPHANIE BODAH<br>ONE WAYSIDE ROAD<br>BURLINGTON, MA 01803 | STEPHANIE BODAH<br>PHONE: 978-977-2000<br>EMAIL: AR@NUANCE.COM | TRADE DEBT | | | | $2,966,978.50 |
| 11 | CONVERGEONE<br>JOY AMELIA<br>10900 NESBITT AVE S<br>BLOOMINGTON, MN 55437 | JOY AMELIA<br>PHONE: 973-487-8727<br>EMAIL: WIREALERTS @CONVERGEONE.COM | TRADE DEBT | | | | $2,520,886.08 |
| 12 | VMWARE INC<br>MICHAEL STIVERS<br>3401 HILLVIEW AVENUE<br>PALO ALTO, CA 94304 | MICHAEL STIVERS<br>PHONE: 973-356-7536<br>EMAIL: MSTIVERS@VMWARE.COM | TRADE DEBT | | | | $2,512,505.42 |
| 13 | SUTHERLAND GLOBAL SERVICES<br>VIJAY VENUGOPAL<br>1160 PITTSFORD VICTOR ROAD<br>PITTSFORD, NY 14534 | VIJAY VENUGOPAL<br>PHONE: 866-805-0089<br>EMAIL: SGSAVAYAINVOICES @SUTHERLANDGLOBAL.COM | TRADE DEBT | | | | $2,253,922.09 |
| 14 | CIS SECURE COMPUTING INC<br>MARIA KIM<br>21050 ASHBURN CROSSING DR SUITE 145<br>ASHBURN, VA 20147 | MARIA KIM<br>PHONE: 703-289-3522<br>EMAIL: ACCOUNTSRECEIVABLE @CISSECURE.COM | TRADE DEBT | | | | $2,126,912.01 |

[1] Includes all Debtor entities except Avaya Holdings Corp.

Debtor Avaya Inc., *et al.*[1]
Name

Case number (*if known*) ______________________________

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 15 | MARKETSOURCE INC<br>MIATTA SONII<br>11675 GREAT OAKS WAY<br>SUITE 200<br>ALPHARETTA, GA 30022 | MIATTA SONII<br>PHONE: 770-674-5000<br>EMAIL: FINANCEOPS-ASSOCIATETEAM<br>@MARKETSOURCE.COM | TRADE DEBT | | | | $2,098,473.13 |
| 16 | TMA SOLUTIONS CO LTD<br>ALEX NEWCOMBE<br>111 NGUYEN DINH CHINH<br>STREET<br>HO CHI MINH CITY, 70000<br>VIETNAM | ALEX NEWCOMBE<br>PHONE: 84-0283990384<br>EMAIL: ANEWCOMBE@TMA.COM.VN | TRADE DEBT | | | | $1,714,828.96 |
| 17 | INNOVATIA TECHNICAL<br>SERVICES INC<br>ANDREA SHERWOOD<br>ATRIUM SUITES 1 GERMAIN<br>STREET<br>SAINT JOHN, NB E2L 4V1<br>CANADA | ANDREA SHERWOOD<br>PHONE: 506-640-4118<br>EMAIL:<br>ANDREA.SHERWOOD@INNOVATIA.NET | TRADE DEBT | | | | $1,691,679.41 |
| 18 | CONCENTRIX CVG<br>CUSTOMER MANAGEMENT<br>TRISH MCGARVEY<br>44111 NOBEL DRIVE<br>FREMONT, CA 94538 | TRISH MCGARVEY<br>PHONE: 902-537-0647<br>EMAIL:<br>TRISH.MCGARVEY@CONCENTRIX.COM | TRADE DEBT | | | | $1,611,296.61 |
| 19 | INTRADIEM INC<br>BRYAN MENETRE JR.<br>3650 MANSELL RD SUITE<br>500<br>ALPHARETTA, GA 30022 | BRYAN MENETRE JR.<br>PHONE: 810-406-6071<br>EMAIL: AR@INTRADIEM.COM | TRADE DEBT | | | | $1,547,149.54 |
| 20 | LUXOFT GLOBAL<br>OPERATIONS GMBH<br>IOANA MIHUT<br>GUBELSTRASSE 24<br>ZUG 6300<br>SWITZERLAND | IOANA MIHUT<br>PHONE: 414-172-32040<br>EMAIL:<br>LGOAVAYACOUPA@LUXOFT.COM | TRADE DEBT | | | | $1,486,589.28 |
| 21 | BETSOL LLC<br>AMANDA CHAMBERS<br>10901 W 120TH AVENUE<br>BROOMFIELD, CO 80021 | AMANDA CHAMBERS<br>PHONE: 720-452-6577<br>EMAIL:<br>ACCOUNTSRECEIVABLE@BETSOL.COM | TRADE DEBT | | | | $1,452,867.35 |
| 22 | SYNCREON TECHNOLOGY<br>USA LLC<br>BECKY WELLS<br>2851 HIGH MEADOW<br>CIRCLE SUITE 250<br>AUBURN HILLS, MI 48326 | BECKY WELLS<br>PHONE: 248-377-4700<br>EMAIL: ACCOUNTSRECEIVABLEUS17<br>@SYNCREON.COM | TRADE DEBT | | | | $1,151,662.42 |
| 23 | OD SOFT LLC<br>OLEKSII BATYREV<br>16192 COASTAL HWY<br>LEWES, DE 19958 | OLEKSII BATYREV<br>PHONE: 650-472-3707<br>EMAIL: ABATYREV@GMAIL.COM | TRADE DEBT | | | | $1,095,583.98 |

[1] Includes all Debtor entities except Avaya Holdings Corp.

Debtor Avaya Inc., *et al.*[1]
Name

Case number (*if known*) ____________________

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 24 | DATADOG INC<br>ROBERT GRANT<br>620 8TH AVE<br>45TH FLOOR<br>NEW YORK, NY 10018 | ROBERT GRANT<br>PHONE: 415-516-7105<br>EMAIL:<br>ROBERT.GRANT@DATADOGHQ.COM | TRADE DEBT | | | | $1,051,533.89 |
| 25 | ALTRAN ACT S A S<br>AMIT OBEROI<br>96 AVENUE CHARLES DE GAULLE<br>PARIS, 92200<br>FRANCE | AMIT OBEROI<br>PHONE: 444-422-6001<br>EMAIL:<br>ALL_REVENUE_TEAM@CAPGEMINI.COM | TRADE DEBT | | | | $1,049,171.17 |
| 26 | GREAT SOFTWARE LABORATORY PVT LTD<br>AMOD BHATE<br>AMAR ARMA GENESIS BANER<br>PUNE, MAHARASHTRA 411045<br>INDIA | AMOD BHATE<br>PHONE: 91-98228-60795<br>EMAIL: AMOD.BHATE@GSLAB.COM | TRADE DEBT | | | | $966,647.22 |
| 27 | AB SOFT INC<br>LORA PASLOVA<br>1343 SAN MATEO AVE<br>SOUTH SAN FRANCISCO, CA 94080 | LORA PASLOVA<br>PHONE: 650-472-3085<br>EMAIL: LORA.PASLOVA@AB-SOFT.NET | TRADE DEBT | | | | $905,799.80 |
| 28 | RED HAT INC<br>ADAM C KUZINSKI<br>100 EAST DAVIE ST<br>RALEIGH, NC 27601 | ADAM C KUZINSKI<br>PHONE: 972-999-5309<br>EMAIL: AKUZINSK@REDHAT.COM | TRADE DEBT | | | | $903,943.77 |
| 29 | GOOGLE LLC<br>JOCELYN DE ALMEIDA<br>1600 AMPHITHEATRE PARKWAY<br>MOUNTAIN VIEW, CA 94043 | JOCELYN DE ALMEIDA<br>PHONE: 704-668-6966<br>EMAIL: JDEALMEIDA@GOOGLE.COM | TRADE DEBT | | | | $890,683.27 |
| 30 | AIVEN OY,<br>DAN GOUGE<br>Antinkatu 1, Helsinki, 100, Finland | DAN GOUGE<br>PHONE: 416-886-6671<br>EMAIL: DANIEL.GOUGE@AIVEN.IO | Trade debt | | | | $854,416.62 |

[1] Includes all Debtor entities except Avaya Holdings Corp.

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name **VPNet Technologies, Inc.** | |
| United States Bankruptcy Court for the: | Southern District of Texas<br>(State) |
| Case number (If known): | |

# Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*
- ☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*
- ☐ *Schedule H: Codebtors (Official Form 206H)*
- ☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*
- ☐ Amended Schedule
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*
- ☒ Other document that requires a declaration **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

| | | |
|---|---|---|
| Executed on | **02/14/2023**<br>MM/ DD/YYYY | ☒ ***/s/ Eric Koza***<br>Signature of individual signing on behalf of debtor |
| | | **Eric Koza**<br>Printed name |
| | | **Chief Restructuring Officer**<br>Position or relationship to debtor |

**UNANIMOUS WRITTEN CONSENT**
**OF THE BOARD OF DIRECTORS OF**
**EACH OF THE COMPANIES LISTED BELOW**

| | | |
|---|---|---|
| **AVAYA CALA INC.** | **AVAYA INC.** | **KNOAHSOFT, INC.** |
| **AVAYA CLOUD INC.** | **AVAYA MANAGEMENT SERVICES INC.** | **SIERRA ASIA PACIFIC INC.** |
| **AVAYA EMEA LTD.** | **AVAYA WORLD SERVICES INC.** | **UBIQUITY SOFTWARE CORPORATION** |
| **AVAYA FEDERAL SOLUTIONS, INC.** | **HYPERQUALITY, INC.** | **VPNET TECHNOLOGIES, INC** |

February 12, 2023

The undersigned, being all of the members of the board of directors (each individually, a "Board") of each of the companies listed above, each a Delaware corporation (each individually, a "Company"), acting pursuant to Section 141(f) of the Delaware General Corporation Law, do hereby consent to the adoption of the following resolutions by the Board of Directors of each Company:

WHEREAS, each Board, having reviewed and considered (i) entry into the Restructuring Support Agreement, as defined herein, including all other exhibits, schedules, attachments, and ancillary documents or agreements related thereto, providing for the implementation of the Plan, as defined herein, consistent with the Restructuring Support Agreement and related disclosures, (ii) filing of that certain joint chapter 11 prepackaged plan of reorganization for each Company, reflecting the terms set forth in the Restructuring Support Agreement (as may be amended, modified, or supplemented from time to time, the "Plan") and that certain disclosure statement supporting the Plan (as may be amended, modified, or supplemented from time to time, the "Disclosure Statement") under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (as amended, the "Bankruptcy Code") in accordance with the milestones set forth in the Restructuring Support Agreement, (iii) commencement of solicitation of the Plan pursuant to section 1125(g) of the Bankruptcy Code, (iv) entry into and performance under the DIP Documents, as defined herein, (v) entry into that certain backstop commitment agreement, dated on or about the date hereof, (as may be amended, modified, or supplemented from time to time, the "Backstop Commitment Agreement"), which, among other things, authorizes each Company to issue new common stock pursuant to the terms set forth therein, and (vi) filing of a voluntary petition for relief for each Company under the Bankruptcy Code pursuant to applicable law and in accordance with the requirements of each Company's governing documents and applicable law (together with the transactions contemplated by the Restructuring Support Agreement and incorporated in the Plan and Disclosure Statement, the "Restructuring Matters");

WHEREAS, the Restructuring Support Agreement provides that it can be terminated if each Board determines, upon advice of counsel, that proceeding with the transactions contemplated thereby would be inconsistent with the exercise of its fiduciary duties or applicable law;

WHEREAS, each Board has reviewed and considered the materials presented by the management of each Company and each Company's financial and legal advisors (collectively,

the "Restructuring Advisors"), and has had adequate opportunity to consult such persons regarding the materials presented, obtain additional information, and to fully consider each of the strategic alternatives available to each Company; and

NOW, THEREFORE, IT IS HEREBY RESOLVED, that, pursuant to the applicable governing documents of each Company, each Board does hereby adopt the following resolutions:

**RESTRUCTURING SUPPORT AGREEMENT, PLAN, DISCLOSURE STATEMENT, SOLICITATION, BACKSTOP COMMITMENT AGREEMENT, AND CHAPTER 11 FILING**

RESOLVED, that in the business judgment of each Board, it is desirable and in the best interest of each Company, its stakeholders, its creditors, and other parties in interest, that each Company finalize, execute, and deliver that certain restructuring support agreement (as may be amended, modified, or supplemented from time to time, the "Restructuring Support Agreement"), subject to any necessary modifications and final negotiations consistent with these Resolutions and, in accordance with the requirements in each Company's governing documents and applicable law, hereby consents to, authorizes and approves, the entry into the Restructuring Support Agreement;

RESOLVED, that in the business judgment of each Board, the form, terms, and provisions of the Restructuring Support Agreement, and the agreements and transactions contemplated by the Restructuring Support Agreement be, and hereby are, in all respects, authorized and approved;

RESOLVED, that in the business judgment of each Board, it is desirable and in the best interest of each Company, its stakeholders, its creditors, and other parties in interest that each Company file or cause to be filed the Plan and the Disclosure Statement, and all other papers or documents (including any amendments) related thereto, and to take any and all actions necessary or appropriate to file or cause to be filed the Plan and the Disclosure Statement;

RESOLVED, that in the business judgment of each Board, it is desirable and in the best interest of each Company, its stakeholders, its creditors, and other parties in interest that each Company commence solicitation of the Plan, pursuant to section 1125(g) of the Bankruptcy Code and, in accordance with the requirements in each Company's governing documents and applicable law, hereby consents to, authorizes and approves, the commencement of solicitation of the Plan;

RESOLVED, that the form, terms, and provisions of the Backstop Commitment Agreement, and the transactions contemplated by the Backstop Commitment Agreement (including, without limitation, each Company's issuance of stock as per that agreement's terms and conditions), and all other exhibits, schedules, attachments, and ancillary documents or agreements related thereto, if any, in connection therewith, be, and hereby are, authorized, adopted and approved;

RESOLVED, that in the business judgment of each Board, it is desirable and in the best interests of each Company, its stakeholders, its creditors, and other parties in interest to finalize, execute, and deliver the Backstop Commitment Agreement and all other exhibits, schedules, attachments, and ancillary documents or agreements, subject to necessary

modifications and final negotiations, and each Company's performance of its obligations thereunder;

RESOLVED, that in the business judgment of each Board, it is desirable and in the best interest of each Company, its stakeholders, its creditors, and other parties in interest, that each Company files or causes to be filed voluntary petitions for relief (the "Bankruptcy Petitions") under the provisions of chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"), and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States, and, in accordance with the requirements in each Company's governing documents and applicable law, hereby consents to, authorizes and approves, the filing of the Bankruptcy Petitions; and

RESOLVED, that any director or other duly appointed officer of each Company (collectively, the "Authorized Persons"), which shall include the Chief Restructuring Officer, the Chief Executive Officer, Chief Financial Officer, General Counsel, any Executive Vice President, or any Senior Vice President, shall be, and each of them individually hereby is, authorized and directed for and on behalf of each Company to take all actions (including, without limitation, to negotiate and execute any documents, certificates, supplemental agreements, and instruments) to act as signatory and attorney on behalf of each Company in respect of the Restructuring Matters and/or any persons to whom such Authorized Persons delegate certain responsibilities, be, and hereby are, authorized to execute and file on behalf of each Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, but not limited to, any action necessary or proper to maintain the ordinary course operations of each Company's or any of its subsidiaries' businesses.

**RETENTION OF PROFESSIONALS**

RESOLVED, that each of the Authorized Persons be, and hereby are, authorized, empowered, and directed to employ on behalf of each Company: (i) the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as general bankruptcy counsel; (ii) the law firm of Jackson Walker LLP as co-bankruptcy counsel; (iii) Evercore Group LLC as investment banker; (iv) AlixPartners LLP as restructuring advisor; (v) PricewaterhouseCoopers LLP, as auditor; (vi) Kurtzman Carson Consultants LLC, as notice, claims, and balloting agent; and (vii) any other legal counsel, accountants, financial advisors, restructuring advisors or other professionals the Authorized Persons deem necessary, appropriate or advisable; each to represent and assist each Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any applicable law (including, but not limited to, the law firms filing any pleadings or responses); and in connection therewith, the Authorized Persons be, and hereby are authorized, empowered and directed, in accordance with the terms and conditions hereof, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services; *provided* that Mr. Koza, in his capacity as Chief Restructuring Officer, shall not take the actions contemplated by the foregoing resolution with respect to AlixPartners LLP; and

RESOLVED, that each of the Authorized Persons be, and hereby are, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers, and to perform such further actions and execute

such further documentation that the Authorized Persons in their absolute discretion deem necessary, appropriate or desirable in accordance with these resolutions.

**USE OF CASH COLLATERAL, DEBTOR IN POSSESSION FINANCING, AND ADEQUATE PROTECTION**

RESOLVED, that in the business judgment of each Board, it is desirable and in the best interest of each Company, its stakeholders, its creditors, and other parties in interest to obtain the benefits of (i) the use of cash collateral, as such term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain of Avaya Inc.'s (the "Borrower") prepetition secured lenders and noteholders (the "Prepetition Secured Parties") under certain credit facilities by and among the Borrower, the guarantors party thereto, and the lenders party thereto and certain notes issued by the Borrower; and (ii) the incurrence of debtor in possession financing obligations (the "DIP Financing") by entering into that certain priming superpriority senior secured debtor in possession facility in the form of term loans (the "DIP Term Loan Facility"), subject to the terms of that certain credit agreement governing the DIP Term Loan Facility (the "DIP Term Loan Credit Agreement"), which, upon satisfaction of certain conditions, including the effectiveness of the Plan, will become a longer term senior secured exit term loan facility (the "Exit Term Loan Facility") reflected in that certain Exit Term Loan Facility term sheet (the "Exit Term Loan Facility Term Sheet"), and by, if applicable, entering into that certain postpetition asset-backed revolving credit facility (the "DIP ABL Facility," and together with the DIP Term Loan Facility, the "DIP Facilities"), subject to the terms of that certain commitment letter (the "DIP ABL Commitment Letter"), as reflected in the DIP ABL term sheet (the "DIP ABL Term Sheet"), with certain of the Prepetition Secured Parties and their administrative agent, Citibank N.A., which, upon satisfaction of certain conditions, will become a longer term senior secured exit asset-backed revolving credit facility (the "Exit ABL Facility") reflected in that certain Exit ABL Facility term sheet, if any (the "Exit ABL Facility Term Sheet");

RESOLVED, that in order to use and obtain the benefits of DIP Financing and Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, each Company will provide certain adequate protection to the Prepetition Secured Parties (the "Adequate Protection Obligations") as documented in proposed interim and final orders (collectively, the "Financing Orders") to be submitted for approval of the Bankruptcy Court, and, to the extent that each Company is required to obtain consent from the Prepetition Secured Parties to enter into any of the DIP Documents, as defined herein, such consent has been (or will be) obtained;

RESOLVED, that in the business judgment of each Board, the form, terms, and provisions of each of the instruments and documents governing the DIP Facilities listed below (collectively, the "DIP Documents"), and each Company's execution, delivery and performance of its obligations under the DIP Documents, including without limitation the grant of security interests under the DIP Documents, and any borrowings or guaranty therewith, be, and hereby are, in all respects, authorized and approved:

(a) the DIP Commitment Letter (as defined in the DIP Documents);

(b) the DIP ABL Commitment Letter, if any;

(c) the DIP Term Loan Credit Agreement;

(d) the DIP ABL Term Sheet, if any;

(e) the Exit Term Loan Facility Term Sheet;

(f) the Exit ABL Facility Term Sheet, if any;

(g) any promissory note executed by each Company in connection with the DIP Faciltiies;

(h) any guarantee executed in connection with the DIP Facilities;

(i) any security agreement or pledge agreement executed in connection with the DIP Facilities;

(j) the Financing Orders; and

(k) all other certificates, instruments and documents executed or delivered to or in favor of any of the Commitment Parties (as defined in the DIP Documents) or agents under the DIP Facilities in connection with the loans made and transactions contemplated under the DIP Documents, as the same may be amended, supplemented or replaced from the time to time;

RESOLVED, that to the extent applicable, each Company shall be, and is hereby, authorized to enter into the DIP Documents and incur the obligations thereunder (the "DIP Obligations"), and each of the Authorized Persons be, and hereby are, authorized, empowered, and directed in the name of, and on behalf of, each Company to execute deliver, and perform all of the obligations and the transactions contemplated under each of the DIP Documents in the name and on behalf of each Company, with such immaterial changes, additions, and modifications thereto as such Authorized Person shall approve, with such approval to be conclusively evidenced by such Authorized Person's execution and delivery thereof;

RESOLVED, that each of the Authorized Persons be, and hereby are, authorized, in the name and on behalf of each Company, to take all such further actions, or cause all such further actions to be taken and to execute and deliver all such further agreements, documents, instruments, certificates recordings, and filings, in the name and on behalf of each Company, as in the determination of such Authorized Person shall be necessary, proper, or advisable in order to fully carry out the intent and accomplish the purposes of the foregoing resolutions and to consummate the transactions contemplated thereby, such authority to be conclusively evidenced by the execution of any document or the taking of any such action by such Authorized Person;

RESOLVED, that each of the Authorized Persons be, and hereby are, authorized, in the name and on behalf of each Company, to enter into any guarantees as described or contemplated by the DIP Documents or any other documents, certificates, instruments, agreements, intercreditor agreements, any extension amendment, any incremental agreement, or any other amendment required to consummate the transactions contemplated by the DIP Documents and perform its obligations thereunder and to guarantee the payment and performance of the DIP Obligations of each Company and any other guarantor thereunder;

RESOLVED, that each of the Authorized Persons be, and hereby are, authorized, empowered, and directed in the name of, and on behalf of, each Company to seek authorization to incur the DIP Obligations and approval to use Cash Collateral pursuant to the Financing Orders , and any Authorized Person be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of each Company, necessary to implement the postpetition financing,

including the Adequate Protection Obligations to the Prepetition Secured Parties in accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for entry into the DIP Documents and the use of Cash Collateral in connection with the chapter 11 case, which agreements may require each Company to grant adequate protection and liens to the Prepetition Secured Parties and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of each Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Person approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof;

RESOLVED, that each of the Authorized Persons be, and hereby are, authorized, directed, and empowered, in the name of, and on behalf of, each Company to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, each of the transactions contemplated by the DIP Documents and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or required documents to which each Company is or will be party or any order entered into in connection with the chapter 11 case (together with the DIP Documents and the Financing Orders, collectively, the "Financing Documents") and to incur and pay or cause to be paid all related fees and expenses, with such changes, additions and modifications thereto as an Authorized Person executing the same shall approve;

RESOLVED, that each Company, as debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized, empowered, and directed to incur any and all obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the Financing Documents, including granting liens on its assets to secure such obligations; and

RESOLVED, that each of the Authorized Persons be, and hereby are, authorized, empowered, and directed in the name of, and on behalf of, each Company, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the postpetition financing or any of the Financing Documents or to do such other things which shall in his or her sole business judgment be necessary, desirable, proper, or advisable in order to perform the DIP Obligations and to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by his or her or their execution thereof.

**GENERAL**

RESOLVED, that each Company is hereby authorized to authorize (and each Company hereby authorizes) any direct or indirect subsidiary of each Company or any entity of which such Company or any subsidiary of such Company is the sole member, general partner, managing member, or equivalent manager, as applicable, to take each of the actions described in these resolutions or any of the actions authorized in these resolutions, and none of the resolutions contained herein, or action taken in furtherance hereto, shall have or cause an adverse effect on any such subsidiary or such Company's interest therein (including without limitation, any automatic dissolution, divestiture, dissociation, or like event under applicable law);

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, the Authorized Persons (and their designees and delegates), either

individually or as otherwise required by each Company's governing documents and applicable law, be, and each of them hereby is, authorized to execute, acknowledge, deliver, and file any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds and other documents on behalf of each Company relating to the Restructuring Matters;

RESOLVED, that each of the Authorized Persons (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Person's or Authorized Persons' absolute discretion, shall be necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of the resolution adopted herein;

RESOLVED, that each Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the governing documents of each Company, or hereby waives any right to have received such notice;

RESOLVED, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved, confirmed and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of each Board; and

RESOLVED, that any Authorized Person (and their designees and delegates) be, and each of them hereby is, authorized to do all such other acts, deeds and other things as each Company itself may lawfully do, in accordance with its governing documents and applicable law, howsoever arising in connection with the matters above, or in furtherance of the intentions expressed in the foregoing resolutions, including, but not limited to, the negotiation, finalization, execution and delivery of any other agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds and other documents whatsoever as the individual acting may in his/her absolute and unfettered discretion approve, deem or determine necessary, appropriate or advisable, such approval, deeming or determination to be conclusively evidenced by said individual taking such action or the execution thereof.

* * * * *

[*Signature Pages Follow*]

**IN WITNESS WHEREOF**, the undersigned have duly executed this consent as of the date first set forth above.

**AVAYA INC.**

DocuSigned by:
By:______________________________
C3BA4FD9DB3F455...
Name: Alan Masarek

DocuSigned by:
By:______________________________
BEFD402FEC6F42A...
Name: Kevin Speed

DocuSigned by:
By:______________________________
08ED8395F1724B9...
Name: David Barse

**AVAYA CALA INC.**

DocuSigned by:
Shefali Shah
6DDCF8E5B56048B...
By:______________________________
Name: Shefali Shah

DocuSigned by:
Kevin Speed
BEFD402FEC6F42A...
By:______________________________
Name: Kevin Speed

**AVAYA CLOUD INC.**

DocuSigned by:

By: Shefali Shah
6DDCF8E5B56048B...

Name: Shefali Shah

DocuSigned by:

By: Kevin Speed
BEFD402FEC6F42A...

Name: Kevin Speed

**AVAYA EMEA LTD.**

DocuSigned by:
By: Shefali Shah
6DDCF8E5B56048B...
Name: Shefali Shah

DocuSigned by:
By: Kevin Speed
BEFD402FEC6F42A...
Name: Kevin Speed

**AVAYA FEDERAL SOLUTIONS INC.**

DocuSigned by:
Laura Jones
6D851EA089E84C7...

By:____________________________________
Name: Laura Jones

**AVAYA MANAGEMENT SERVICES INC.**

DocuSigned by:
By: Shefali Shah
6DDCF8E5B56048B...
Name: Shefali Shah

DocuSigned by:
By: Kevin Speed
BEFD402FEC6F42A...
Name: Kevin Speed

**AVAYA WORLD SERVICES INC.**

DocuSigned by:
Shefali Shah
6DDCF8E5B56048B...

By:____________________________________________
Name: Shefali Shah

DocuSigned by:
Kevin Speed
BEFD402FEC6F42A...

By:____________________________________________
Name: Kevin Speed

**HYPERQUALITY, INC.**

DocuSigned by:
Shefali Shah
6DDCF8E5B56048B...

By:________________________________________
Name: Shefali Shah

DocuSigned by:
Kevin Speed
BEFD402FEC6F42A...

By:________________________________________
Name: Kevin Speed

*[Signature Page to Omnibus Consent]*

**KNOAHSOFT, INC.**

DocuSigned by:
Shefali Shah
By:_______________________________
6DDCF8E5B56048B...
Name: Shefali Shah

DocuSigned by:
Kevin Speed
By:_______________________________
BEFD402FEC6F42A...
Name: Kevin Speed

**SIERRA ASIA PACIFIC INC.**

DocuSigned by:

By: Shefali Shah
6DDCF8E5B56048B...

Name: Shefali Shah

DocuSigned by:

By: Kevin Speed
BEFD402FEC6F42A...

Name: Kevin Speed

**UBIQUITY SOFTWARE CORPORATION**

DocuSigned by:
By: Shefali Shah
6DDCF8E5B56048B...
Name: Shefali Shah

DocuSigned by:
By: Kevin Speed
BEFD402FEC6F42A...
Name: Kevin Speed

**VPNET TECHNOLOGIES, INC.**

By: DocuSigned by: Shefali Shah 6DDCE8E5B56048B...
Name: Shefali Shah

By: DocuSigned by: Kevin Speed BEFD402FEC6F42A...
Name: Kevin Speed